UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT RIVET,

        Plaintiff,

vs.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,

        Defendant.

_____/

Civil Action No.
04-CV-72333-DT

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART STATE FARM'S MOTION TO COMPEL

This matter is presently before the court on the motion of State Farm "to compel (1) Rule 26 disclosures, (2) Rule 33 interrogatory responses, (3) rule 34 document production, (4) Rule 30 depositions, and (5) the Swagler defendants' answer to the counterclaims" [docket entry 116]. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide the motion without oral argument.

Plaintiff Robert Rivet commenced this action against State Farm in Wayne County Circuit Court to enforce an alleged settlement agreement that resolved plaintiff's claim under Michigan's No-Fault Act for home attendant care and other expenses arising from an automobile accident in February 2000. According to the complaint, defendant entered into the settlement agreement in July 2003 but subsequently failed to abide by the terms of that agreement. The complaint asserts claims for breach of contract, benefits under the statute, and for negligent performance of contractual duties. Defendant removed the case in June 2004. Defendant has filed a counterclaim against Rivet seeking a declaration that the alleged settlement agreement is unenforceable because it is the product of a fraud committed by Rivet's attorney (Silverman) and

defendant's then claims representative (Swagler). Defendant has also joined Silverman and two of Silverman's PC's ("the Silverman counter-defendants") as well as Swagler and her LLC ("the Swagler counter-defendants") as counter-defendants, all of whom remain as parties. Defendant also asserted counterclaims against various other counter-defendants (Shures, Scott, Andres, Gentris and Davis), but the court has dismissed those counterclaims and dropped those counter-defendants. The court has also dismissed Aegis Health Perspectives, Inc., as a party.

State Farm first argues that several of the counter-defendants have failed to make the initial disclosures required by Fed. R. Civ. P 26(a)(1)(A), (B) and (D).[1] Specifically, State Farm

---

[1] Rule 26 states:

(a) Required Disclosures; Methods to Discover Additional Matter.

(1) Initial Disclosures. Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

(B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

\* \* \*

(D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

states:

> The Silverman Defendants mailed their Rule 26 Statement on September 29, the same day as the conference. Not one of the other parties, not the Swagler Defendants, not the Defendant Insureds, not the Silverman Psychiatric PC, not Aegis HealthCare have filed the required statements or produced the required insurance policies. None of the parties have produced insurance policies pursuant to Rule 26(a)(1)(D).

State Farm's Brief, p. 1. In addition, State Farm states that the counter-defendants have failed to respond to interrogatories and document requests served on September 21, 2005; that counter-defendants have not cooperated in scheduling depositions; and that the Swagler counter-defendants have not answered the counter-complaint. For relief, State Farm seeks an order (1) requiring the counter-defendants to provide a statement of witnesses and evidence as required by Fed. R. Civ. P. 26(a)(1)(A) & (B); (2) requiring the counter-defendants to respond to the September 21, 2005, discovery requests; (3) requiring the counter-defendants to proceed with depositions; and (4) requiring the Swagler counter-defendants to answer the counter-complaint.

The Swagler counter-defendants have not responded to this motion. However, approximately one week after the motion was filed they did file a response to defendants' request for production of documents as well as what purports to be "Rule 26(a) disclosures." The other counter-defendants have not responded to defendants' motion.

Defendants' motion is denied as to all counter-defendants who have been eliminated from this case – namely, Andres, Davis, Gentris, Scott, Shures, and Aegis Health Perspectives, Inc.

Defendants' motion is also denied insofar as it seeks an order compelling the Swagler counter-defendants to produce requested documents and to make Rule 26(a) disclosures. As noted above, the Swagler counter-defendants have now responded to the request for documents and they

have submitted what purports to be Rule 26(a) disclosures.

Defendant's motion is also denied insofar as it seeks an order compelling the Swagler counter-defendants to answer the counter-complaint. When a defending party fails to file an answer or other responsive pleading, the remedy is to follow the default procedures outlined in Fed. R. Civ. P. 55.

However, defendant's motion is granted insofar as it seeks an order compelling (1) the Swagler counter-defendants to answer the outstanding interrogatories; (2) the Silverman counter-defendants and Rivet to answer the outstanding interrogatories and document requests and to make Rule 26(a) disclosures; and (3) all counter-defendants to cooperate in the taking of depositions. All outstanding discovery requests and all Rule 26(a) disclosures must be made within ten (10) days of the date of this order. Depositions are to be taken expeditiously, with due regard for the fact that several recent rulings have significantly narrowed the scope of this litigation. In this regard, the court questions whether the depositions of John Shures, Tracey Shures, Raymond Andres and Lori Andres (*see* Brief in Support of State Farm's Motion to Compel, p. 4) remain relevant and appropriate. Accordingly,

IT IS ORDERED that defendant's motion to compel [docket entry 116] is granted in part and denied in part as detailed above.

Dated: 1-9-06
Detroit, Michigan

_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.

Patricia Foster Hemmel
Secretary to Chief Judge Friedman