UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT RIVET,

    Plaintiff,

Civil Action No.
04-CV-72333-DT

vs.

HON. BERNARD A. FRIEDMAN

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,

    Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION
## TO DISMISS THE COUNTER-DEFENDANTS' COUNTERCLAIMS

This matter is presently before the court on defendant's "motion to dismiss the counterclaim of Rivet, Andres, Davis, Gentris, Scott, and Shures, and the claim of Aegis Health Perspectives, Inc." [docket entry 75]. The issues have been fully briefed. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide both motions without oral argument.

Plaintiff Robert Rivet commenced this action against State Farm in Wayne County Circuit Court to enforce an alleged settlement agreement that resolved plaintiff's claim under Michigan's No-Fault Act for home attendant care and other expenses arising from an automobile accident in February 2000. According to the complaint, defendant entered into the settlement agreement in July 2003 but subsequently failed to abide by the terms of that agreement. The complaint asserts claims for breach of contract, benefits under the statute, and for negligent performance of contractual duties. Defendant removed the case in June 2004. Defendant has filed a counterclaim against Rivet seeking a declaration that the alleged settlement agreement is

unenforceable because it is the product of a fraud committed by Rivet's attorney (Silverman) and defendant's then claims representative (Swagler). Defendant has also joined Silverman and Swagler as counter-defendants. Defendant also asserted counterclaims against various other counter-defendants (Shures, Scott, Andres, Gentris and Davis), but the court has dismissed those counterclaims and dropped those counter-defendants.

In the motion presently before the court, State Farm seeks to dismiss the counterclaims filed against it by counter-defendants Rivet, Andres, Davis, Gentris, Scott, Shures, and Aegis Health Perspectives, Inc. The motion is granted as to Andres, Davis, Gentris, Scott and Shures because these parties, who had been named as counter-defendants in State Farm's counterclaims, have already been dropped pursuant to Fed. R. Civ. P. 21. Since these parties have been dropped, they lack the ability to file any pleadings in this matter, including counterclaims.

State Farm seeks dismissal of Rivet's counterclaim for fraud on the grounds that it is not properly pled and on the grounds that a fraud claim is not cognizable when based on a breach of contract. The court agrees. Rivet's counterclaim does not begin to comply with the pleading requirements of Fed. R. Civ. P. 9(b), which "requir[e] a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993). These specifics are not pled here.

More importantly, the gist of the alleged "fraud" is that State Farm has reneged on a settlement agreement negotiated by one of its claims representatives. This dispute sounds in breach of contract, not fraud, and the former excludes the latter in this case because Rivet does not allege that State Farm breached any duty that arose outside of the contract. *See Roberts v. Auto-*

2

*Owners Ins. Co.*, 603-604 (Mich. 1985). Moreover, Rivet does not allege that State Farm's agent defrauded *him*. The vague allegation in ¶ 48 of Rivet's counterclaim that "Swag[l]er, intentionally, knowingly and with an alleged intent to deceive," notably fails to allege that State Farm or Swagler intended to deceive *him*. Rather, this allegation is a reference to State Farm's contention that Swagler defrauded *State Farm*. In any event, Rivet's remedy in this matter lies in enforcement of the contract, not in tort.

Finally, State Farm seeks dismissal of the counterclaim asserted by Aegis Health Perspectives, Inc. ("Aegis") for payment of $4,130.14 in home care services rendered to Rivet. State Farm correctly argues that the court lacks subject matter jurisdiction over this claim. Aegis premises subject matter jurisdiction on 28 U.S.C. § 1332(a) and § 1367. However, diversity jurisdiction is clearly lacking because the amount in controversy is far below the $75,000 jurisdictional minimum. And supplemental jurisdiction is unavailable because there is no independent jurisdictional basis for this claim, as required by § 1367(b).

Accordingly,

IT IS ORDERED that State Farm's "motion to dismiss the counterclaim of Rivet, Andres, Davis, Gentris, Scott, and Shures, and the claim of Aegis Health Perspectives, Inc." [docket entry 75] is granted.

BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: 1.9.06
Detroit, Michigan

3 I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first class mail.

Patricia Foster Hommel
Secretary to Chief Judge Friedman