UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
JAN - 9 2006
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

ROBERT RIVET,

    Plaintiff,

vs.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,

    Defendant.
_____/

Civil Action No.
04-CV-72333-DT

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER DENYING THE SILVERMAN COUNTER-DEFENDANTS' MOTION TO QUASH SUBPOENAS DUCES TECUM

This matter is presently before the court on the motion of the Silverman counter-defendants[1] "to quash subpoenas duces tecum and to enter protective order" [docket entry 108]. The issues have been fully briefed. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide the motion without oral argument.

Plaintiff Robert Rivet commenced this action against State Farm in Wayne County Circuit Court to enforce an alleged settlement agreement that resolved plaintiff's claim under Michigan's No-Fault Act for home attendant care and other expenses arising from an automobile accident in February 2000. According to the complaint, defendant entered into the settlement agreement in July 2003 but subsequently failed to abide by the terms of that agreement. The complaint asserts claims for breach of contract, benefits under the statute, and for negligent performance of contractual duties. Defendant removed the case in June 2004. Defendant has filed a counterclaim against Rivet seeking a declaration that the alleged settlement agreement is

---

[1] The "Silverman counter-defendants" are Mark L. Silverman, Mark L. Silverman, M.D., P.C., and Mark L. Silverman, M.D., J.D., P.C.

unenforceable because it is the product of a fraud committed by Rivet's attorney (Silverman) and defendant's then claims representative (Swagler). Defendant has also joined Silverman and Swagler as counter-defendants. Defendant also asserted counterclaims against various other counter-defendants (Shures, Scott, Andres, Gentris and Davis), but the court has dismissed those counterclaims and dropped those counter-defendants.

In the motion presently before the court, the Silverman counter-defendants seek an order quashing two subpoenas duces tecum which State Farm served on two banks where they do business, Bank One and Franklin Bank. Both subpoenas direct the banks to produce

> Any and all documents or records produced on or after November 1, 2000, in either paper or electronic form, relating to Mark L. Silverman, Mark L. Silverman M.D., P.C., Mark L. Silverman, M.D., J.D., P.C., The Law Center and/or account number 074909962, including but not limited to account statements, cancelled checks, deposit slips, withdrawal slips, records of wire transfers, signature cards, loans and/or loan applications, documents related to the opening and/or closing of any account, documents related to any reporting or filing with any governmental agency including any CTRs and any Form 1099s, but excluding any SARS.

The Silverman counter-defendants argue that the subpoenas are overly broad and seek the disclosure of irrelevant, confidential and/or privileged information.

In response, State Farm correctly argues that the court has no jurisdiction to review the subpoena addressed to Bank One in New York, New York. That subpoena, a copy of which is attached to the motion as Exhibit C, was issued by the United States District Court for the Southern District of New York. Pursuant to Fed. R. Civ. P. 45(c)(3)(A), only the issuing court may entertain a motion to quash or modify a subpoena. *See* 9A C. Wright & A. Miller, *Federal Practice and Procedure* § 2459, pp. 40-41 (1995). As to the Bank One subpoena, the Silverman counter-

defendants must seek relief from that court exclusively.

This court does have jurisdiction to review the subpoena addressed to Franklin Bank. As to this subpoena, however, the Silverman counter-defendants have only limited standing to object. "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought." *Federal Practice and Procedure* § 2459, p. 41. As the Silverman counter-defendants have no "personal right" to their bank records, *see United States v. Miller*, 425 U.S. 435, 440-47 (1976), and *United States v. Sturman*, 951 F.2d 1466, 1483-84 (6th Cir. 1992), their standing to object to the subpoena depends on the existence of a privilege they may have in these records. The Silverman counter-defendants have not identified any such privilege. Their citation to the Health Insurance Portability and Accountability Act ("HIPAA"), the psychotherapist-patient privilege, and the Michigan Mental Health Code is unavailing. The Silverman counter-defendants have not demonstrated that any private medical information about Silverman's patients may be revealed as a result of Franklin Bank's compliance with the subpoena, which seeks only banking records. In the absence of a privilege, the Silverman counter-defendants lack standing to challenge the subpoena. Accordingly,

IT IS ORDERED that the Silverman counter-defendants' "motion to quash subpoenas duces tecum and to enter protective order" [docket entry 108] is denied.

Dated: 1-9-06
Detroit, Michigan

BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

3

I hereby certify that a copy of the foregoing document was served this date upon counsel of record, electronically, and/or via first-class mail.

Patricia Foster Hommel
Secretary to Chief Judge Friedman