UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT RIVET,

       Plaintiff,

vs.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,

       Defendant.
_____/

Civil Action No.
04-CV-72333-DT

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER GRANTING THIRD-PARTY DEFENDANTS' MOTION TO DISMISS THE THIRD-PARTY COMPLAINT OF SWAGLER

This matter is presently before the Court on Third-Party Defendants' Motion to Dismiss the Third-Party Complaint of Swagler. Pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), the Court shall decide the Motion without oral argument.

### I.    HISTORY OF THE CASE

Robert Rivet ("Plaintiff") commenced this action against State Farm Mutual Automobile Insurance Company ("Defendant") in Wayne County Circuit Court to enforce an alleged settlement agreement that resolved Plaintiff's claim under Michigan's No-Fault Act for home attendant care and other expenses arising from an automobile accident in February 2000. According to the Complaint, Defendant entered into the settlement agreement in July 2003 but subsequently failed to abide by the terms of that agreement. The Complaint asserts claims for breach of contract, benefits under the statute, and negligent performance of contractual duties. Defendant removed the case in June 2004, based on diversity of citizenship.

Defendant has also filed a Counterclaim against Plaintiff seeking a declaration that the

alleged settlement agreement is unenforceable because it is the product of a fraud committed by Plaintiff's attorney (Mark Silverman) and Defendant's then claims representative (Linda Swagler). In addition, Defendant has joined Silverman and Swagler as Counter-Defendants. Defendant has also asserted Counterclaims against various other Counter-Defendants, such as Shures, Scott, Andres, Gentris and Davis.

On January 10, 2006, Counter-Defendant Swagler[1] filed a Third-Party Complaint against Julie Abraham, Patricia Selasky-Bennie, Amy Burger, Paul Byrne, and Patricia Parr-Armelagos ("Third-Party Defendants"). The Third-Party Defendants were Swagler's supervisors at State Farm. The Third-Party Complaint asserts proper jurisdiction and venue. (Third-Party Compl. ¶¶ 1-2.) The Third-Party Complaint further states:

> 3. On or about July 6, 2005, Defendant/Counter-Plaintiffs State Farm Insurance did bring action against these parties, alleging all manners of misconduct and breaches of duty which State Farm contend[s] entitles it to damages, an accounting, interest, and costs and fees from the Third-Party Plaintiffs.
> 4. All liability claimed from these Defendants arise from Linda Swagler's acts in the performance of her employment with State Farm, and all such acts were under the supervision of, and at the direction of, and with the approval and/or ratifications of the Third-Party Defendants, who were her superiors.
> 5. Were the Third-[Party] Plaintiffs held liable for damages, the Third-Party Defendants should be held liable to them for contribution, indemnification, subrogation and/or such other damages, loss and/or expense as she may be entitled under the law.

(Id. ¶¶ 3-5.)

The Third-Party Defendants filed a Motion to Dismiss the Third-Party Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Swagler filed a Response. The Third-Party Defendants

---

[1] In this Order, "Swagler" refers to Linda S. Swagler and Linda S. Swagler Consulting LLC, both of whom are named as Counter-Defendants.

filed a Reply.

## II. THIRD-PARTY DEFENDANTS' MOTION TO DISMISS THE THIRD-PARTY COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

### A. FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may make a motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The United States Supreme Court has explained that "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957). In order to make such an appraisal, a court looks to see that our system of "notice pleading" has been followed. Our system of "notice pleading" requires that "plaintiffs need only give a 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir. 1990) (quoting Conley, 355 U.S. at 47). In other words, "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Conley, 355 U.S. at 47. The United States Supreme Court has instructed, in language that is often cited by the circuit courts, that "all the [Federal] Rules require is a 'short and plain statement of the claim.'" Id. (quoting FED. R. CIV. P. 8(a)(2)).

Although our system has a liberal pleading standard, it "requires more than the bare assertion of legal conclusions." Allard v. Weitzman (In Re Delorean), 991 F.2d 1236, 1240 (6th Cir. 1993). The complaint must include "either direct or inferential allegations respecting all the material elements" of the claim. Id. (citation omitted). As long as a plaintiff has presented such factual allegations, a "court must construe the complaint in a light most favorable to the plaintiff [and]

accept all of the factual allegations as true." Columbia Natural Res., Inc. v. Tatum, 58 F.3d 1101, 1109 (6th Cir. 1995). This means that if "an allegation is capable of more than one inference, it must be construed in the plaintiff's favor." Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir. 1991). "A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion to dismiss based on a disbelief of a complaint's factual allegations." In Re Delorean, 991 F.2d at 1240. Thus, if a plaintiff has asserted factual allegations that address the elements of its claim, then its complaint should not be dismissed under Rule 12(b)(6), as the sufficiency and credibility of those claims are then to be tested at trial.

In the case at hand, it's questionable whether Swagler has produced sufficient factual allegations to provide "fair notice" to the Third-Party Defendants. Even taken in the light most favorable to Swagler, the only factual allegations included in the Third-Party Complaint are that her actions were "under the supervision of", "at the direction of", and "with the approval and/or ratifications of" her supervisors. (Third-Party Compl. ¶ 4.) This skeletal Complaint leaves the Court guessing as to the factual basis upon which Swagler rests her claims. Even assuming that Swagler has presented a sufficient set of facts, a Rule 12(b)(6) motion requires that the Court not only determine whether a plaintiff has stated a claim, but also that the plaintiff has stated "a claim upon which relief can be granted." Here, such a determination is difficult, as Swagler simply lumps all of her claims for relief—"contribution, indemnification, [and] subrogation—into one sentence, rather than separating each claim into a separate count. Swagler leaves the Court confused as to the grounds for her different causes of action. For instance, Swagler does not indicate whether she is seeking contribution pursuant to statute or common law; nor does she indicate in her Third-Party Complaint whether she seeks indemnity based on express contract, implied contract, or common

law; nor does she state whether she is seeking conventional or legal subrogation. Thus, the Court will examine the possible avenues of relief for each of Swagler's claims in her Third-Party Complaint.

### B. CONTRIBUTION

The Michigan Supreme Court has explained that the "general rule of contribution is that one who is compelled to pay or satisfy the whole or to bear more than his aliquot share of the common burden or obligation, upon which several persons are equally liable or which they are bound to discharge, is entitled to contribution against the others to obtain from them payment of their respective shares." Caldwell v. Fox, 231 N.W.2d 46, 54 (Mich. 1975). The State of Michigan provides for contribution either by statute or common law.

The Michigan contribution statute is Section 600.2925a of the Michigan Compiled Laws ("MCL"), which states:

> (1) . . . [W]hen 2 or more persons become jointly or severally liable in tort for the same injury to a person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.
> (2)   The right of contribution exists only in favor of a tort-feasor who has paid more than his pro rata share of the common liability and his total recovery is limited to the amount paid by him in excess of his pro rata share. A tort-feasor against whom contribution is sought shall not be compelled to make contribution beyond his own pro rata share of the entire liability.

MCL § 2925a. However, the contribution statute includes the following limitation: "*This section does not apply to breaches of trust or of other fiduciary obligations.*" MCL § 2925a(8). See also Fed. Sav. & Loan Ins. Co. v. Quinlan, 678 F. Supp. 174, 176 (E.D. Mich. 1988) (stating "it is clear that no *statutory* right to contribution exists where a breach of trust [or] other fiduciary duty is involved"); Donajkowski v. Alpena Power Co., 596 N.W.2d 574, 578 n.10 (Mich. 1999) (stating the

contribution "statute specifically states that it does not apply in certain cases, such as those involving breaches of trust or other fiduciary obligations").

Here, State Farm's Counterclaim against Swagler includes claims for fraud and breach of fiduciary duties. State Farm alleges that Swagler violated her fiduciary duties when she made false and fraudulent misrepresentations and omissions to her supervisors and to State Farm, so that she could generate undue and improper financial benefit. As such, the very underpinnings of this case involve alleged breaches of trust and fiduciary duties. Therefore, Swagler has no statutory right to contribution because the contribution statute does not apply to situations involving breaches of trust or fiduciary duty.

Unfortunately for Swagler, she also has no right to contribution under common law. The Sixth Circuit has explained that "under Michigan law[,] contribution is not available for intentional acts." Allstate Ins. Co. v. Wayne County, 760 F.2d 689, 697 (6th Cir. 1985). Likewise, the Michigan Court of Appeals has stated: "At common law, an exception to this rule [of contribution] was created denying the right of contribution to intentional wrongdoers." Fid. and Deposit Co. of Md. v. Newman, 311 N.W.2d 821, 823 (Mich. Ct. App. 1981). In Fidelity and Deposit Company of Maryland, a similar case involving a third-party plaintiff accused of filing false claims in violation of his fiduciary duties to his employer, the court expressly held that the third-party plaintiff's claims were "unenforceable" against the third-party defendants because the third-party plaintiff was "an intentional tortfeasor who is being sued for a breach of a fiduciary duty [and therefore] has no right to contribution from other joint tortfeasors." Id.

Here, State Farm's Counterclaim is based largely on fraud, which is an intentional tort. State Farm alleges that Swagler intentionally made false and fraudulent misrepresentations to State Farm

and committed intentional acts in breach of her fiduciary duties to State Farm. Thus, Swagler has no common-law right to contribution, as Michigan law does not provide the relief of contribution for intentional acts of wrongdoing.

### B.     INDEMNITY

Unlike contribution, which "distributes a loss among *joint* tortfeasors [by] requiring each to pay its *proportionate* share", the doctrine of indemnity "shifts the *entire* loss from the party who has been forced to pay" to the actual tortfeasor whose wrongful conduct created the liability. Langley v. Harris Corp., 321 N.W.2d 662, 665 (Mich. 1982) (emphasis added). The principle of "indemnity rests on the proposition that when one is compelled to pay money or discharge a duty which in justice should have been paid or discharged by another, the payor may recover from the other unless barred by the wrongful nature of his conduct." Brown v. Int'l Union, 85 F.R.D. 328, 334 (W.D. Mich. 1980).

Under Michigan law, indemnity arises from three main sources: express contract, implied contract, and common law.[2] Fishbach-Natkin, Inc. v. Shimizu Am. Corp., 854 F. Supp. 1294, 1300 (E.D. Mich. 1994); Gruett v. Total Petroleum, Inc., 451 N.W.2d 608, 610 (Mich. Ct. App. 1990), *rev'd on other grounds*, 463 N.W.2d 711 (Mich. 1990). Indemnity based on an express contract arises when the parties have expressly agreed to indemnification. Aside from the existence of an express contract, the factor of "fault" distinguishes express-contract indemnity from indemnity based on an implied contract or common law. While "[f]reedom from active fault is not a prerequisite to maintaining an action for express contractual indemnity", the Michigan Supreme Court has ruled

---

[2]Swagler's Third-Party Complaint makes no mention of an express contract for indemnity, or an indemnification clause, between the parties. Thus, the Court finds that indemnity based on the theory of an express contract does not apply to the case at hand.

that actions for indemnity not based on an express contract "can only be maintained . . . by a person *free of negligence or fault*."  Williams v. Unit Handling Sys. Div. of Litton Sys., Inc., 449 N.W.2d 669, 670-71 (Mich. 1989) (emphasis added).  See also Dale v. Whiteman, 202 N.W.2d 797, 800 (Mich. 1972) (stating "[i]t is a well-recognized rule that an implied contract of indemnity arises in favor of a person who *without any fault* on his part is exposed to liability and compelled to pay damages on account of the negligence or tortious act of another") (emphasis added) (quotations and citation omitted).

Similarly, the Eastern District of Michigan has explained that "only a party who can plead and prove freedom from active fault is entitled to be indemnified under a common law or implied contract theory."  Fishbach-Natkin, 854 F. Supp. at 1301.  See also Proctor & Schwartz, Inc. v. United States Equip. Co., 624 F.2d 771, 773 (6th Cir. 1980) (stating "traditional common law principles" require "that the party seeking indemnity be free from personal fault"); Powers v. APCOA Standard Parking, Inc., 259 F. Supp. 2d 606, 611 (E.D. Mich. 2003) (stating the Michigan Supreme Court has held that "freedom from fault is necessary to maintain an action for implied duty of indemnification").  Thus, a party who has actively engaged in wrongful conduct may not seek indemnity against another party, whereas a party who is merely held liable under more passive grounds—such as vicarious liability—may have a right to indemnity against the actual wrongdoer.  See Gruett, 451 N.W.2d at 610 ("Except where the right is based upon an express contract, a right to indemnity may be enforced only where liability arises vicariously or by operation of law from the wrongful acts of the party from whom indemnity is sought.").

Here, State Farm's Counterclaim alleges *active*, *not passive*, wrongful conduct on the part of Swagler.  The Counterclaim states that Swagler acted "intentionally, knowingly, and with intent

8

to deceive State Farm" and that Swagler "betrayed and breached her fiduciary duties to State Farm." (Def. State Farm's Counterclaim ¶¶ 348, 355.) This is not a situation where State Farm alleges vicarious liability against Swagler, but rather State Farm asserts that Swagler herself played an active and knowing role in the alleged wrongdoing. It follows that *if* Swagler is found *not to be liable* to State Farm, such a finding would indicate no personal fault on Swagler's part, making her claim for indemnity a non-issue. However, *if* Swagler is found to be *liable* to State Farm, that liability would not arise from passive or vicarious liability, but rather from Swagler's direct and active breaches of her fiduciary duties, as alleged in the Counterclaim. As such, Swagler's claims for indemnity—whether based on a theory of implied contract or common law—would fail.

### C.   SUBROGATION

Subrogation is the "substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the debtor." BLACK'S LAW DICTIONARY 1440 (7th ed. 1999). Michigan law allows for two kinds of subrogation—conventional and legal. Conventional subrogation is subrogation that arises by contract; whereas legal subrogation arises by operation of law. Tel-Twelve Shopping Center v. Sterling Garrett Constr. Co., 191 N.W.2d 484, 486 (Mich. Ct. App. 1971). Unlike conventional subrogation, which "arises from an *agreement* between the debtor and a third person", legal subrogation "rests upon the equitable principle that one, who, in order to protect a security held by him, is compelled to pay a debt for which *another is primarily liable*, is entitled to be substituted in the place of and to be vested with the rights of the person to whom such payment is made, *without agreement* to that effect." French v. Grand Beach Co., 215 N.W. 13, 14 (Mich. 1927). In essence, one party is allowed to stand in the shoes of another party and enforce that other party's rights.

Here, in similar fashion to her presentation of claims for contribution and indemnification, Swagler fails to provide the specific basis or theory of subrogation under which she is seeking relief. This leaves the Court to address both types of subrogation, conventional and legal. The Court can easily dispense with the theory of conventional subrogation, as Swagler's Third-Party Complaint makes no mention of a contract or agreement regarding subrogation between the parties. The Court also finds the concept of legal subrogation to be inapplicable to this context. Swagler has presented neither facts nor explanation addressing the elements of a claim for legal subrogation. For instance, she has not asserted that the Third-Party Defendants are "primarily liable" for the alleged damages, as required for a claim of legal subrogation. Moreover, the Court is befuddled as to how Swagler believes the very concept of subrogation—standing in the shoes of another to assert that person's rights—would relate to her predicament. It does not. Thus, the Court finds that Swagler is not entitled to conventional or legal subrogation.

### III.    CONCLUSION

For the reasons stated above, Swagler has no cause of action for contribution, indemnity, or subrogation. Therefore, Swagler's Third-Party Complaint fails to state a claim upon which relief can be granted. Accordingly,

IT IS ORDERED that the Third-Party Defendants' Motion to Dismiss the Third-Party Complaint of Swagler is granted.

IT IS FURTHER ORDERED that the Third-Party Complaint of Swagler is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

```
                                        ___s/Bernard A. Friedman_____
                                        BERNARD A. FRIEDMAN
                                        CHIEF UNITED STATES DISTRICT JUDGE
```

Dated:   June 15, 2006
         Detroit, Michigan

**I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.**

**_____/s/ Patricia Foster Hommel_____
       Patricia Foster Hommel
    Secretary to Chief Judge Friedman**