UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT RIVET,

       Plaintiff,

vs.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,

       Defendant.
_____/

Civil Action No.
04-CV-72333-DT

HON. BERNARD A. FRIEDMAN

### OPINION AND ORDER DENYING SILVERMAN COUNTER-DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT OF DEFENDANT STATE FARM'S COUNTERCLAIMS

This matter is presently before the Court on Counter-Defendants Mark Silverman's Motion to Dismiss or for Summary Judgment.[1]  The issues have been fully briefed.  Pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), the Court shall decide the Motion without oral argument.

**I.**    **HISTORY OF THE CASE**

Robert Rivet ("Plaintiff") commenced this action against State Farm Mutual Automobile Insurance Company ("Defendant") in Wayne County Circuit Court to enforce an alleged settlement agreement that resolved Plaintiff's claim under Michigan's No-Fault Act for home attendant care and other expenses arising from an automobile accident in February 2000.  According to the

---

[1] State Farm's Counterclaims address three "Silverman" Counter-Defendants—Mark L. Silverman; Mark L. Silverman, M.D., J.D., P.C.; and Mark L. Silverman, M.D., P.C.  However, in Silverman's Motion to Dismiss or for Summary Judgment, Silverman identifies only two of the three Silverman Counter-Defendants.  The Court assumes that this was an oversight and will regard it as such.  Thus, in this Opinion, "Silverman" refers to the named Silverman Counter-Defendants—Mark L. Silverman; Mark L. Silverman, M.D., J.D., P.C.; and Mark L. Silverman, M.D., P.C.

Complaint, Defendant entered into the settlement agreement in July 2003 but subsequently failed to abide by the terms of that agreement. The Complaint asserts claims for breach of contract, benefits under the statute, and negligent performance of contractual duties. Defendant asserts that the alleged settlement agreement is unenforceable because it is the product of fraud, involving Plaintiff's attorney (Mark Silverman) and Defendant's then claims representative (Linda Swagler). Defendant removed the case in June 2004, based on diversity of citizenship.

Defendant subsequently filed Counterclaims against Plaintiff, Silverman, Swagler, and several Insureds—the Counter-Defendants. In response to the Counterclaims against him, Silverman filed a Motion to Dismiss or for Summary Judgment. Defendant filed a Response. Silverman filed a Reply.

**II.     SILVERMAN'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

   **A.     MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may make a motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The United States Supreme Court has explained that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957). In order to make such an appraisal, a court looks to see that our system of "notice pleading" has been followed. Our system of "notice pleading" requires that "plaintiffs need only give a 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir. 1990) (quoting Conley, 355 U.S. at 47). As long as a plaintiff has presented sufficient factual allegations, a "court must construe the complaint in a light most favorable to the plaintiff

[and] accept all of the factual allegations as true." Columbia Natural Res., Inc. v. Tatum, 58 F.3d 1101, 1109 (6th Cir. 1995). Thus, if a plaintiff has asserted facts that address the elements of its claims, then the complaint should not be dismissed under Rule 12(b)(6), as the sufficiency and credibility of those claims are then to be tested at trial.

Here, State Farm satisfies such a standard. State Farm has more than provided "fair notice" about its claims and the grounds upon which they rest. State Farm has filed a 110-page, 384-paragraph Counterclaim, which is loaded with factual allegations that address the elements of its claims. Especially when taken in the light most favorable to State Farm, and accepting all of its factual allegations as true, State Farm has stated claims upon which relief could be granted. Thus, the Court will deny Silverman's Motion to Dismiss counts 1, 3, and 4 of State Farm's Counterclaims.

**B.     SILVERMAN'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(C)**

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has explained that Rule 56(c) "authorizes summary judgment 'only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, . . . (and where) no genuine issue remains for trial . . . (for) the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try.'" Poller v. Columbia Broad. Sys., Inc., 368 U.S. 464, 467 (1962) (quoting Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627 (1944)). In other words, if there is a genuine dispute as to a material fact, then summary judgment

should not be granted.

The party seeking summary judgment carries the initial burden of "demonstrat[ing] the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When a court determines whether a genuine issue of material fact exists, the court must view the evidence "in the light most favorable to the opposing party." Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). The Court's role is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). See 60 Ivy St. Corp. v. R.C. Alexander, 822 F.2d 1432, 1435-36 (6th Cir. 1987) (stating "[t]he judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue a proper jury question, and not to judge the evidence and make findings of fact"). A factual dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. Thus, if a court finds that the evidence, when taken in a light most favorable to the non-moving party, presents a genuine question of material fact, then the court should deny the moving party's motion for summary judgment.

Here, Silverman does not show the absence of a genuine issue of material fact. Moreover, State Farm shows that questions of material fact abound. Those factual disputes are to be resolved by a fact-finder at trial, not by the Court at this point in the proceedings. Thus, as genuine factual disputes remain on claims properly before the Court, and Silverman is not entitled to a judgment as a matter of law, the Court will deny Silverman's Motion for Summary Judgment on counts 1 and 4 of State Farm's Counterclaims.

**III.    CONCLUSION**

For the reasons stated above, the Court finds that State Farm has asserted claims that may entitle it to relief. In addition, the Court finds the existence of genuine issues of material fact. Accordingly,

IT IS ORDERED that Silverman's Motion to Dismiss is denied.

IT IS FURTHER ORDERED that Silverman's Motion for Summary Judgment is denied.

_s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: June 16, 2006
       Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served this date upon counsel of record
electronically and/or via first-class mail.

_____/s/ Patricia Foster Hommel_____
      Patricia Foster Hommel
  Secretary to Chief Judge Friedman