UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT RIVET,
    Plaintiff,

vs.

Case No. 04-72333

HON. BERNARD A. FRIEDMAN

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
    Defendant/Counter-Plaintiff,

vs.

MARK L. SILVERMAN, et al.

    Counter-Defendants.

_____

**ORDER GRANTING STATE FARM'S MOTION FOR
TURNOVER OF DEFENDANTS' PROPERTY PURSUANT TO JUDGMENT**

**I.    Introduction**

State Farm Mutual Automobile Insurance Company ("State Farm") has filed a Motion Requesting Order for Turnover of Defendants' Property Seized Pursuant to Judgment. Defendant filed a response, and State Farm filed a reply.

**II.    Analysis**

Procedures for enforcement of judgment are governed by state law. Fed.R.Civ.P. Rule 69(a).

State Farm argues that it is entitled to assets contained in the Mark L. Silverman, M.D., P.C.'s defined benefit plan. Defendant claims that such assets are exempt property under the

1

Employee Retirement Income Security Act ("ERISA").

State Farm contends that Defendant's benefits plan is not properly labeled as an employee benefit plan. The United States Department of Labor Regulations that define ERISA's coverage state that "the term 'employee benefit plan' shall not include any plan fund or program. . . under which no employees are participants covered under the plan." 29 C.F.R. 2510.3-3(c)(1). The Sixth Circuit has ruled that the language of the labor regulations excludes plans from ERISA's coverage where the only participants in the plan are the owner of the business and the owner's spouse. A plan whose sole beneficiaries are the company's owners cannot qualify as a plan under ERISA. SEC v. Johnston, 143 F.3d 260 (6th Cir. 1998); Fugarino v. Hartford Life & Accident Insurance Co., 969 F.2d 178 (6th Cir. 1992).

There is a Michigan exemption statute that prohibits execution against "the right or interest in a pension, stock-sharing, stock-bonus, or other plan. . . subject to the employee retirement income security act of 1974. . ." M.C.L. §600.6023(1). However, this exemption is expressly limited to plans covered by ERISA and does not afford protection to interest in a plan where the only participants are the owner and the owner's spouse.

In response, Defendant argues that the plan at issue is an ERISA plan, and that there have been at least two "participants" in the plan other than Mark L. Silverman and his wife. He states that he employed Traci Wenzel as of January 1, 2003 when the ERISA plan was established. However, Defendant further states that Traci Wenzel was no longer employed with his company as of December 31, 2003. State Farm points out that the 2004 Annual Return/Report of Employee Benefit Plan filed by Mark L. Silverman, M.D., P.C., Defined Benefit Plan ("2004 Annual Report") shows that while there may have been three participants at the beginning of the

2004 plan year, one such participant terminated employment during the plan year with accrued benefits that were less than 100% vested. Pursuant to 29 C.F.R. 2510.3-3(d)(I), an individual who, under the terms of an employee pension plan, has incurred a one-year break in service after having become a participant covered under the plan, and who has acquired no vested right to a benefit before such break in service is not a participant covered under the plan until the individual has completed a year of service after returning to employment covered under the plan. Accordingly, the third person referred to by Defendant as a participant, whether Traci Wenzel or another former employee, does not constitute an active participant for the purpose of the ERISA anti-alienation clause.

In the present matter, the only participants in the pension plan sponsored by Mark L. Silverman, M.D., P.C. are Mark L. Silverman, the sole owner, and his wife. Accordingly, the assets of the plan are not exempt from execution by State Farm, and are not protected by the Michigan Exemption Statute. Because ERISA does not provide protection of the relevant assets, execution on the plan is permissible.

### III. Conclusion

Accordingly,

IT IS ORDERED that State Farm Mutual Automobile Insurance Company's Motion Requesting Turnover of Defendants' Property Seized Pursuant to Judgment is GRANTED.

        s/Bernard A. Friedman
        Bernard A. Friedman
        United States District Judge

Dated: January 15, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 15, 2008, by electronic and/or ordinary mail.

                                        s/Carol Mullins
                                        Case Manager